UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jennifer Bletz, | ) |
|       Plaintiff, | ) CIVIL ACTION |
| | ) |
| | ) No. |
| vs. | ) |
| | ) |
| Wegman Food Markets, Inc. | ) JURY TRIAL DEMANDED |
| | ) |
|   Defendant. | ) |

## **COMPLAINT**

Jennifer Bletz, by undersigned counsel, files this Complaint and, in support, alleges the following:

I.    Jurisdiction

1.    The jurisdiction of this court is invoked pursuant to the Americans with Disabilities Act of 1990 (ADA) and the Americans with Disabilities Amendment Act of 2008 (ADAAA), 42 U.S.C. §§ 12101, et. seq. This court has supplemental jurisdiction over Plaintiff's state law claim.

2.    Plaintiff has exhausted administrative remedies. Plaintiff filed her charge with the Pennsylvania Human Relations Commission ("PHRC") in 2018. An additional complaint was filed with the PHRC and Equal Employment Opportunity Commission (EEOC), on or about September 4, 2019. On October 8, 2019, the PHRC sent a 1-year letter to Plaintiff. The PHRC sent the 1-year letter to counsel on July 31, 2020. This suit is timely filed.

II.     Venue

3.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant regularly conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

III.    The Parties

4.      The plaintiff, Jennifer Bletz resides at 108 Cooper Street, Apartment 3, Spring Mills, PA 16875.  At all times relevant, she was an employee of Defendant, within the meaning of the ADA, ADAAA and PHRA.

5.      Defendant, Wegmans Food Markets, Inc. (Wegmans) is a New York corporation with stores located at several locations in Pennsylvania, including a store located at 345 Colonnade Blvd, State College, Pennsylvania.  Wegmans is an "employer" within the meaning of the ADA, ADAAA, and PHRA.

III.    Factual Background

6.       Jennifer Bletz was employed as a frozen-foods customer services associate with Wegmans.

7.      On January 22, 2018, Jennifer Bletz requested an accommodation so that she could perform her job despite issues she was experiencing with her left shoulder that were substantially limiting several of her major life activities including, but not limited to, performing manual tasks, sleeping and lifting.  It also substantially impacted the operation of the functions of her skeletal and nervous systems.

8. Originally, Jennifer Bletz believed she had a possible rotator cuff tear. Subsequently, Jennifer Bletz was diagnosed with shoulder impingement and bone spurs. She had surgery on her left shoulder on May 25, 2018.

9. Plaintiff could perform the essential functions of her job(s) with or without a reasonable accommodation.

10. Plaintiff is a qualified individual with a disability under the ADA, ADAAA and PHRA.

11. On January 22, 2018, February 12, 2018, and March 12, 2018, and March 23, 2018, Jennifer Bletz provided Wegmans with medical restrictions concerning the use of her left arm.

12. Wegmans did not accommodate the restrictions in any way.

13. Upon information and belief, Wegmans accommodated a male employee who worked in prepared foods after he returned to work following a shoulder surgery that made him temporarily unable to use his arm.

14. On April 12, 2018, Jennifer Bletz asked about open available positions that would not require her to use her left arm in the manner restricted by her physician. No effort was made to reach a reasonable accommodation. Wegmans failed to engage in good faith in the interactive process to identify a reasonable accommodation.

15. Because of Wegmans' failure to engage in the interactive process in good faith and its failure to offer a reasonable accommodation, Jennifer Bletz felt she had no alternative but to seek alternative employment. In other words, Jennifer Bletz was constructively discharged.

16. As a result of Wegmans' illegal and discriminatory conduct described herein, Jennifer Bletz has suffered economic damages in the form of lost wages and benefits. She has

also sustained non-economic damages in the form of humiliation, embarrassment, mental anguish, emotional distress.

## COUNT I - THE AMERICANS WITH DISABILITIES ACT and PHRA

### Discrimination/Failure to Accommodate

17. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

18. At all times material hereto, Plaintiff is, and was a qualified individual with a "disability" within the meaning of the ADA, as amended by the ADAAA, as defined at 42 U.S.C. §12102(2), 29 C.F.R. §1630.2(g), and the PHRA, in that she has a physical or mental impairment that limits one or more of her major life activities, and she was capable of performing the essential functions of her job with a reasonable accommodation.

19. Plaintiff advised Defendant of her need for a reasonable accommodation.

20. Defendant failed to engage in any meaningful, good-faith interactive process with Plaintiff and have failed to suggest, offer, or provide any reasonable accommodation.

21. Plaintiff has endured physical pain, mental anguish and inconvenience as a result of Defendant's conduct and has been to unable enjoy equal benefits and privileges of employment similar to employees without disabilities.

22. Defendant's failure to provide any reasonable accommodation was intentional, malicious and recklessly indifferent to Plaintiff's legal rights.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory and

punitive damages, plus costs of this action, injunctive relief in the form of a court order requiring a reasonable accommodation, attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

JURY TRIAL DEMANDED

            Respectfully submitted.

            By /s Thomas B. Anderson, Esquire
              Thomas B. Anderson, Esquire
              Pa. I.D. No. 79990

              THOMSON, RHODES & COWIE, P.C.
              Firm #720
              Two Chatham Center, 10th Floor
              Pittsburgh, PA  15219-3499
              (412) 316-8684
              tanderson@trc-law.com
              Counsel for the Plaintiff

Dated: August 25, 2020